UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARKO LAW, PLLC,

    Plaintiff,

v.

CRST, THE TRANSPORTATION
SOLUTION, INC. D/B/A CRST
SPECIALIZED SOLUTIONS, INC.,

    Defendant.
_____/

Case No. 21-cv-10756

U.S. District Court Judge
Gershwin A. Drain

**OPINION AND ORDER DENYING AS MOOT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 5) AND GRANTING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT (ECF NO. 7)**

### I. INTRODUCTION

This action arises out of a dispute between Plaintiff Marko Law, PLLC ("Marko Law") and Defendant CRST, The Transportation Solution, Inc. d/b/a CRST ("CRST") over transportation of Plaintiff's custom conference table from California to Michigan. ECF No.1, PageID.2. Presently before the Court are Defendant's Motion for Summary Judgment (ECF No. 5) and Plaintiff's Motion to Enforce Settlement Agreement (ECF No. 7). Both Motions are fully briefed, and the Court held a hearing on January 4, 2022. For the following reasons, the Court **DENIES**

1

**AS MOOT** CRST's Motion for Summary Judgment (ECF No. 5) and **GRANTS** Marko Law's Motion to Enforce Settlement Agreement (ECF No. 7).

## II. BACKGROUND

### A. Factual Background

On January 6, 2021, Marko Law received confirmation that CRST would transport its "new custom-ordered, one-of-a-kind, conference room table," ECF No. 6, PageID.94, from Santa Clarita, California to Detroit, Michigan, ECF No.1, PageID.2. CRST scheduled the delivery between January 29, 2021 and February 1, 2021. ECF No. 6, PageID.94. Plaintiff informed Defendant that the table would be too large to fit in the elevator and that carrying it up the five flights of stairs would require six delivery men instead of the usual four. ECF No. 6, PageID.94. CRST had previously delivered a desk to Marko Law's office—under similar circumstances—and Plaintiff also provided Defendant with photos of the stairs in connection with the instant delivery. *Id.*; ECF No. 7, PageID.102.

Marko Law only has one conference room and disposed of the old table in that room to make room for the new table on January 13, 2021. ECF No. 6, PageID.94. CRST arrived with the new table on February 1, 2021 but refused to carry it up the stairs. *Id.* at PageID.95. Two weeks after the delivery window, on February 16, 2021, Defendant again arrived at the Marko Law office with the table. *Id.* However, Defendant did not bring the two extra men to carry the table up the

2


stairs and charged Plaintiff for the additional delivery attempt. *Id*. On February 25, 2021, CRST returned to Marko Law's office and left the table on the first floor. *Id*. In addition, the table was "permanently" damaged in transit. *Id*. Plaintiff had to hire another moving company to bring the table up to the fifth-floor office.

### B. Procedural Background

Plaintiff commenced this action on March 18, 2021 in the Wayne County Circuit Court and then filed a First Amended Complaint the next day. ECF No. 1, PageID.2. It brought claims for breach of contract, trespass to chattels, and negligence. ECF No. 1-3, PageID.17. Defendant filed a timely Notice of Removal on April 5, 2021 and argued this Court has jurisdiction over the matter because "Marko Law's claims relate to transportation by motor carrier, for compensation, in interstate commerce," and are thus "governed exclusively by the Carmack Amendment to the Interstate Commerce Act." ECF No. 1, PageID.3.

Marko Law did not contest removal. Instead, after the parties engaged in settlement negotiations, it amended its Complaint on April 26, 2021 to allege a single count under the Carmack Amendment. ECF No. 6.

#### 1. Motion for Summary Judgment

On April 5, 2021, the same day it removed this matter to federal court and prior to Marko Law filing the Second Amended Complaint, CRST filed a Motion for Summary Judgment. ECF No. 5. It argues Marko Law's state law claims for

3

breach of contract, trespass to chattels, and negligence were preempted by the Carmack Amendment. *Id.* at PageID.64; *id.* at PageID.73-76.

As will be discussed *infra*, the parties spent the next few weeks engaged in settlement negotiations. Ultimately, on April 26, 2021, Marko Law filed its Second Amended Complaint, which drops all the state law claims, as well as a Motion to Enforce Settlement Agreement. ECF Nos. 6, 7.

Nevertheless, Defendants did not withdraw their Motion for Summary Judgment (and Plaintiffs did not move to strike it), so on August 5, 2021, the Court entered a text only order requiring Plaintiff to respond to the Motion by August 19, 2021. Marko Law responded on August 6, 2021. ECF No. 11. It contends Defendant's Motion for Summary Judgment is moot because it is no longer pursuing the claims the Motion seeks to dismiss and, as discussed *infra*, Plaintiff avers that the parties have settled the matter. *Id.* at PageID.182. Thus, Marko Law asks the Court to strike CRST's Motion. *Id.* at PageID.184-85.

CRST filed a timely reply, asserting the state law claims from the Complaint and First Amended Complaint are still valid because the Court has not formally dismissed them or ruled on the Motion for Summary Judgment. ECF No. 12, PageID.193. Defendant also implies that Plaintiff's response to its Motion was untimely because an amended complaint is not a proper response to a dispositive motion. *Id.* Finally, CRST avers its Motion for Summary Judgment is not moot

4

because the allegations in the Second Amended Complaint are substantially identical to the claims in the initial and First Amended Complaints. *Id.* at PageID.194.

### 2. Motion to Enforce Settlement Agreement

As mentioned *supra*, before Plaintiff filed its Response to Defendant's Motion for Summary Judgment, the parties allegedly reached a settlement agreement in late April 2021. Thus, Marko Law filed a Motion to Enforce Settlement Agreement on April 26, 2021. ECF No. 7.

Plaintiff contends it "made an offer wherein Defendant would pay an agreed-upon settlement amount in consideration and the parties would agree to a confidentiality agreement and an agreement that the parties would never do business again" on April 22, 2021, and Defendants accepted this offer the same day. *Id.* at PageID.102. Marko Law avers it confirmed the settlement the following day and instructed defense counsel to prepare a release. *Id.* According to Plaintiff, Defendant included an indemnity provision in the Mutual Release and Settlement Agreement ("Release") even though Marko Law had never agreed to indemnify CRST. *Id.* at PageID.102. On April 26, 2021, Plaintiff refused to sign the Release with the indemnity provision and requested that it be removed, but Defendant refused. *Id*. Nevertheless, Marko Law is "still willing to accept the previously agreed to settlement," *id.*, and requests enforcement of that agreement, *id.* at PageID.105.

CRST opposes the Motion. ECF No. 9. It asserts the parties did not reach an agreement on all material terms until April 23, 2021. *Id.* at PageID.126. On that day, Plaintiff's counsel approved the "substantive content" of CRST's proposed Mutual Release and Settlement Agreement and a Stipulated Order for Dismissal, which included the indemnity provision. *Id.* at PageID.124. According to CRST, the prior email exchanges "did not contain all of the material terms of the agreement." *Id.* at PageID.126. Defendant contends Plaintiff is now changing its mind about the indemnity provision after already approving the Release. *Id.* at PageID.128. Nevertheless, CRST argues, the document approved on April 23, 2021 constitutes the settlement agreement reached by the parties and should be enforced. *Id.* at PageID.129.

In a footnote, CRST also avers Marko Law did not comply with the spirit of Local Rule 7.1, which requires parties to seek concurrence before filing a motion. *Id.* at PageID.125 n. 2. Specifically, CRST alleges Plaintiff sent an email requesting concurrence at 5:04 p.m. on April 26, 2021 and filed the Motion at 5:38 p.m., before CRST was able to respond to the email. *Id*.

In reply, Plaintiff first argues *Auramet Int'l, LLC v. C.R. Metals*, No. 16-cv-11177, 2017 U.S. Dist. LEXIS 171857 (E.D. Mich. Jun. 12, 2017), on which Defendant relies, is distinguishable and actually supports Plaintiff's position instead. ECF No. 10. Specifically, unlike in *Auramet*, Marko Law's counsel did not state

6

Marko Law accepted the terms of the Release, *id.* at PageID.161; in *Auramet*, this Court held the agreement was the offer and acceptance before the plaintiffs' counsel asked the defendants to prepare settlement documents, *id.*; and the *Auramet* plaintiffs did not oppose the motion to enforce, let alone the terms of the agreement the defendants were seeking to enforce, *id.* Next, Marko Law contends the previous emails between the parties make it clear Plaintiff's counsel's intent was to communicate that she approved the draft Release for client review and did not intend to bind her clients to it. *Id.* at PageID.162-63. Finally, Marko Law avers the only material terms the parties discussed, and agreed to, were a confidentiality provision and agreement the parties would never do business with one another again, along with the settlement amount. *Id.* at PageID.164.

### III. CRST'S MOTION FOR SUMMARY JUDGEMENT

**A. Legal Standard**

Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party seeking to amend a pleading to which a responsive pleading is required "may amend its pleading once as a matter of course within . . . 21 days after service of [the] responsive pleading." "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave," which the court "should freely give when justice so requires." Fed. R. Civ. Pro 15(a)(2).

7

"Generally, amended pleadings supersede original pleadings." *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014). Specifically, "an amended complaint supersedes all prior complaints." *Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008). Once the amended complaint is entered, the original "no longer performs any function in the case." *Broyles v. Corr. Med. Servs.*, No. 1:07-cv-690, 2010 U.S. Dist. LEXIS 24084, at *3 (W.D. Mich. Feb. 25, 2010). Thus, "[t]he general rule is that . . . dispositive motions pertaining to the original complaint are moot." *Williamson v. Freytag*, No. 2:18-CV-141, 2020 U.S. Dist. LEXIS 72372, at *2 (W.D. Mich. Apr. 24, 2020) (citing *Parks v. Federal Exp. Corp.*, 1 F. App'x 273, 277 (6th Cir. 2001)). However, "[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." *Id*. Courts will do this "when the amended complaint is substantially identical to the original complaint." *Id.* (collecting cases).

### B. Discussion

As a threshold matter, Defendant seems to imply Plaintiff's Second Amended Complaint is not properly before the Court. However, the Court disagrees.

It is not clear whether Federal Rule of Civil Procedure 15(a)'s allowance for a party to amend its pleading once as a matter of course governs the entire life of the action or starts after the case is removed to federal court. While it does not appear

8

that any court within the Sixth Circuit has explicitly addressed this issue, at least one district court in this Circuit has implicitly found parties are entitled to amend their pleadings at least once in federal court even if they have already done so in state court. *See Mencer v. Kraft Foods Glob., Inc.*, 695 F. Supp. 2d 667, 672 (S.D. Ohio 2010) ("Plaintiff was entitled to amend his complaint as a matter of course without leave of court or defendant's consent because the second amended complaint was filed prior to the service of an answer or other responsive pleading.").

Moreover, the very first Federal Rule of Civil Procedure is that "[t]hey should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Allowing the Second Amended Complaint, which fully addresses the deficiencies raised in CSRT's Motion for Summary Judgment, to stand promotes speed and judicial efficiency. It also promotes fairness, as Defendant had ample opportunity to formally move to dismiss and/or strike the Second Amended Complaint and chose not to do so. Plaintiff also notified Defendant that it would amend its complaint if they could not settle. ECF No. 9-5, PageID.149 ("If we do not hear back about this [proposed settlement] amount by the end of the week, we will have to file the amended complaint and proceed with this matter in court."). Accordingly, the Court finds the Second Amended Complaint is properly before the Court.

9

Therefore, in line with the general practice, *Hayward* 759 F.3d at 617, and Plaintiff's stated intention, ECF No. 11, the Court holds the Second Amended Complaint supersedes the First. Marko Law has thus dropped its claims for breach of contract, trespass to chattels, and negligence; the only claim presently before the Court is that alleged under the Carmack Amendment in the Second Amended Complaint.

Having so held, the Court concludes the First and Second Amended Complaint are not so "substantially identical" that the Court should continue considering CRST's Motion for Summary Judgment. *Williamson*, 2020 U.S. Dist. LEXIS 72372, at *2. While the factual allegations in the complaints are indeed the same, the legal claims—and thus "the defects raised in the original motion" are not. *Id*. In fact, it is not at all clear how the Motion would be applied to the Second Amended Complaint when the claims the Motion addresses are no longer before the Court and the arguments the Motion raises cannot be applied to the pending claim. Because the Motion attacks an inoperable complaint and cannot be applied to the complaint currently in effect, the Court holds the Motion for Summary Judgment is moot. *See Nails v. RPI-Section 8 Housing*, No. 2:17-cv-13702, 2019 U.S. Dist. LEXIS 38307, at *11 (E.D. Mich. Mar. 11, 2019) ("It follows that 'motions directed at the superseded pleading,' such as Defendant's motion here, 'generally are to be denied as moot.'") (quoting *Heard v. Strange*, No. 2:17-cv-13904, 2018 U.S. Dist.

10

LEXIS 149288, at *2 (E.D. Mich. June 21, 2018) (collecting cases), *report and recommendation adopted,* 2018 U.S. Dist. LEXIS 148648 (E.D. Mich. Aug. 31, 2018)); *Sango v. Johnson*, No. 13-12808, 2014 U.S. Dist. LEXIS 130400, at *1 (E.D. Mich. May 22, 2014) ("[A]ny motions directed at the original complaint are moot in the face of the filing of the amended complaint.").

### IV. MARKO LAW'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

#### A. Legal Standard

The Sixth Circuit "has long recognized the broad, inherent authority and equitable power of a district court to enforce an agreement in settlement of litigation pending before it." *Therma-Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir. 2000); *see also Brock v. Scheuner Corporation*, 841 F.2d 151, 154 (6th Cir. 1988) ("It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them.").

> A district court may summarily enforce a settlement agreement if: (1) it has subject matter jurisdiction over the separate, breach of contract controversy surrounding the settlement agreement, *Limbright v. Hofmeister*, 566 F.3d 672, 674-75 (6th Cir. 2009); (2) it determines 'that agreement has been reached on all material terms[,]' *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988); and (3) the 'agreement is clear and unambiguous and no issue of fact is present[,]' *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001)."

11

*Stenger v. Freeman*, 683 F. App'x 349, 350 (6th Cir. 2017) (Clay, J., concurring). Otherwise, an evidentiary hearing is required. *RE/MAX*, 271 F.3d at 646. "Regardless of whether an evidentiary hearing is held, the 'court must enforce the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement.'" *Stenger*, 683 F. App'x at 350 (quoting *Brock*, 841 F.2d at 154).

Questions regarding the formation and enforceability of settlement agreements are governed by state contract law.[1] *Universal Settlements Int'l, Inc. v. Nat'l Viatical, Inc.*, 568 F. App'x 398, 401 n. 2 (6th Cir. 2014); *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir.1992). In Michigan, "[b]efore a contract can be completed, there must be an offer and acceptance. Unless an acceptance is unambiguous and in strict conformance with the offer, no contract is formed. Further, a contract requires mutual assent or a meeting of the minds on all the essential terms." *Kloian v. Domino's Pizza, LLC*, 273 Mich. App. 449, 452-53 (2006) (internal citations and quotation marks omitted).

"As a general rule, settlement agreements are 'final and cannot be modified.'" *Clark v. Al-Amin*, 309 Mich. App. 387, 395 (2015) (quoting *Smith v. Smith*, 292 Mich. App. 699, 702 (2011)). Thus, "a party cannot void a settlement agreement merely because he has had a change of heart, nor can he do so merely because his

---

[1] Here, the parties contracted that the settlement agreement would be governed by the laws of Michigan. ECF No. 9-5, PageID.153.

12

assessment of the consequences of the settlement was incorrect." *Id.* at 396 (cleaned up). However, an agreement "is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney." Mich. Ct. R. 2.507(G).

### B. Discussion

For the following reasons, the Court holds the parties are bound by the agreement reached on April 22, 2021. As discussed *supra*, on April 21, 2021, Defense counsel told Plaintiff's counsel he had informed his client of Marko Law's latest demand and they had not responded, leading him to believe the offer stood at the previous amount. ECF No. 9-5, PageID.149. The next day, Plaintiff's counsel said she had spoken with her client, and he agreed to that offer "with a confidentiality provision and the agreement that Marko Law and CRST/affiliates will never do business with one another again," but he wanted the check within ten days. *Id.* at PageID.148. Defense counsel stated "CRST agreed" and volunteered to prepare the Mutual Release. *Id.* at PageID.147.

As an initial matter, the Court concludes it does not need to hold an evidentiary hearing because each of the criteria listed in *Stenger* are met. *See Stenger*, 683 F. App'x at 350. First, the Court has jurisdiction over the Motion to Enforce Settlement Agreement. Unlike the usual procedural posture of these motions, the suit giving rise to the agreement was never dismissed and Plaintiff's

13

motion was filed as a continuation of that matter. *Cf. Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377-81 (1994) ("Enforcement of the settlement agreement, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.").

Second, an agreement had been reached on all material terms. *Brock*, 841 F.2d at 154. The parties agreed to three material terms: the settlement amount paid within ten days, a confidentiality provision, and an agreement to never do business together again. Plaintiff counsel's April 22, 2021 email contained all three of these terms. That these were the only material, or essential, terms to the agreement is evidenced by the fact that Defense counsel did not respond with a counteroffer or request time to discuss additional terms; he simply accepted the offer as it stood. Further, as discussed *infra*, it is not clear that the indemnity provision in dispute could be considered a material term in the context of this particular Release.

Third, the agreement was clear and unambiguous, and no issue of fact is present. *RE/MAX*, 271 F.3d at 646. The parties do not dispute the meaning of the indemnity provision at issue or the facts of this case. The only thing in dispute is at what point the negotiations became a binding contract. This is purely a question of law. Because all three *Stenger* criteria are satisfied, the Court need not hold an evidentiary hearing.

14

Having determined an evidentiary hearing is not necessary, the Court finds the parties entered a valid contract on April 22, 2021. It is clear Plaintiff's counsel's April 22, 2021 email constituted an offer to settle for the specified amount paid within ten days, a confidentiality provision, and the parties' agreement to never do business together again. *See Kloian*, 273 Mich. App. at 452. Defense counsel's response that "CRST agreed" was "unambiguous and in strict conformance with the offer." *Id*. Thus, a contract was formed. This settlement agreement is "final and cannot be modified." *Clark*, 309 Mich. App. at 395. It is also binding because there is evidence of it in writing and it is subscribed by both parties' attorneys. Mich. Ct. R. 2.507(G).

The Court agrees with Plaintiff that *Auramet*, 2017 U.S. Dist. LEXIS 171857 does not support Defendant's position. First, it would be inconsistent for the Court to find "the parties did not reach an agreement on all material terms until April 23, 2021" as CRST argues. In *Auramet*, this Court held plaintiffs were bound by their attorney's communication indicating plaintiffs had accepted the settlement offer and requesting defense counsel prepare settlement documents for review. 2017 U.S. Dist. LEXIS 171857 at * 2. The analogous date in this case would be the agreement reached on April 22, 2021, after which the settlement was final and could not be modified. *See Clark*, 309 Mich. App. at 395.

15

Moreover, it is not at all clear the indemnity provision is a material term in the context of this Release. It provides:

> <u>Other Related Claims and/or Suits Indemnity</u>: Marko Law agrees to indemnify, defend, and hold harmless CRST and its respective insurers, affiliates, agents, servants, employees, successors or assigns from any and all claims, demands, actions or causes of action that may hereafter be made by or brought on behalf of Marko Law relating to or arising out of the Lawsuit or the Occurrence.

ECF No. 9-5, PageID.152. However, the Release also includes an undisputed mutual release provision which provides in relevant part:

> <u>Mutual Release of Claims</u>: In exchange for the good and valuable consideration set forth in this Agreement, Marko Law hereby releases, discharges and acquits all claims, actions and causes of action Marko Law has against CRST its insurers, affiliates, agents, attorneys, servants, employees, successors or assigns, arising from the Lawsuit or the Occurrence even if not reasonably discoverable at the time of this Agreement . . . .

*Id.* at PageID.151. The mutual release provision requires Marko Law to forego any potential future claims arising from this lawsuit or occurrence—meaning that claims cannot be brought on its behalf either—so there should not be any situation which would trigger the indemnity provision. Because it is effectively superfluous, it cannot be a material term to this agreement.

Second, this Court only enforced the written release in *Auramet* because "[r]eview of th[e] document illustrate[d] that it conform[ed] to the terms the parties

16

had agreed to over email. *Id*. Here, in contrast, the terms upon which the attorneys agreed were the amount, a confidentiality provision, and that the parties would never do business again. ECF No. 9-5, PageID.148. Nevertheless, CRST's proposed Release included a previously undiscussed indemnity provision in addition to the standard settlement provisions—such as those providing for mutual release, dismissal of the lawsuit, and no admission of liability. *Id.* at PageID.151-53. Because the Release does not conform to the terms the parties agreed to over email, the Court cannot enforce it with the indemnity provision.

Third, in *Auramet*, "[p]laintiffs' counsel communicated that *[p]laintiffs* had accepted that offer and requested that [defendants] prepare settlement documents and to forward them for review." 2017 U.S. Dist. LEXIS 171857 at * 1 (emphasis added). Here, Despite CRST's arguments to the contrary, the only time Marko Law's Counsel explicitly entered into an agreement on behalf of her clients happened on April 22, 2021. On April 23, 2021, Plaintiff's counsel said *she* "approve[d] the substantive content" of the proposed Release, ECF No. 9-5, PageID.146, but context makes clear that she was not doing so on behalf of her client and was instead agreeing the attorneys were ready for client input on the draft. Indeed, Defense counsel responded that he would send the Release to his client "for its *review* and signature." ECF No. 10-3, PageID.170 (emphasis added). As Marko Law points out in its Reply, this is consistent with *both* attorneys' practice of

17

distinguishing between themselves and their clients in their emails. *See generally* ECF Nos. 9-5, 10-3, 10-5, 10-7. Given this context, the Court will not construe Plaintiff's counsel's April 23, 2021 email as acceptance on behalf of her client.

Accordingly, the Court holds the parties are bound by the agreement reached via email on April 21, 2021 and the indemnity provision will be stricken from the Release.

Finally, the Court finds that while Marko Law complied with the letter of E.D. Mich. LR 7.1(a), Plaintiff's counsel violated its spirit by giving Defense counsel thirty-four minutes to respond to her email seeking concurrence. The Court understands that attorney is no longer with the firm and so issues a general admonishment that all attorneys practice sincerity in their efforts to seek concurrence in motions.

## V.  CONCLUSION

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that the Court **DENIES AS MOOT** CRST's Motion for Summary Judgment (ECF No. 5).

**IT IS FURTHER ORDERED** that the Court **GRANTS** Marko Law's Motion to Enforce Settlement Agreement (ECF No. 7). The indemnity provision (Paragraph 9) will be **STRICKEN** from the Mutual Release and Settlement Agreement.

18

**IT IS FURTHER ORDERED** that the parties are required to sign both the modified Mutual Release and Settlement Agreement and the Stipulated Order of Dismissal within ten (10) days of the issuance of this Opinion and Order.

**IT IS SO ORDERED**.

<div style="text-align: right;">
s/Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE
</div>

Dated: January 13, 2022

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 13, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

19